THE STATE BANK OF SYRACUSE, RESPONDENT, *v.* ANDREW W. GILL AND ADELAIDE C. GILL, APPELLANTS.

*Receiver — when the plaintiff has such an interest in the property as to authorize the appointing of one — Code of Civil Procedure, § 713.*

Where an action is brought by a judgment creditor to reach certain shares of mining stock, claimed to belong to the judgment debtor, but which are at the time of the commencement of the action standing on the company books in the name of his wife, the creditor has such " an apparent right to or interest in " the stock, as to entitle him to apply, under section 713 of the Code of Civil Procedure, for the appointment of a receiver thereof, when there is reasonable ground to apprehend that before the suit can be determined the stock will be removed beyond the jurisdiction of the court, or lost in some adverse turn of the defendant's affairs.

The fact that a receiver of the judgment debtor's property has already been appointed in proceedings supplementary to execution, does not bar such an application, nor does it make it necessary that the same receiver should be appointed in granting it.

APPEAL from an order made at Special Term, granting a motion for the appointment of a receiver.

The action was brought by the plaintiff, who had recovered a judgment against the defendant Andrew Gill, and had an execution issued thereon returned unsatisfied, to reach certain shares of stock alleged to belong to the judgment debtor, but which then stood in the name of his wife upon the books of the company.

*Robert Sewell,* for the appellants.

*G. Doheny,* for the respondent.

SMITH, J.:

A careful examination of the appeal papers has convinced me that the question whether the shares of stock of the Amie Mining Company, in controversy in this suit, are the property of the defendant Andrew W. Gill, or whether, as claimed by the appellants, they belong to his wife, can only be satisfactorily determined by a trial of the action. In that view of the case, the plaintiff, who is a judgment creditor of Gill, the husband, and who seeks by this action to reach the said stock and apply it to the satisfaction of his judgment, must be held to have an apparent right to or interest in the stock, within the meaning of section 713 of the Code of Civil Procedure. The stock is in the possession of the defendants, and the moving papers show that there is reasonable ground to apprehend that before the suit can be determined the stock will be removed beyond the jurisdiction of the court, or lost in some adverse turn of the defendants' affairs. We think the Special Term rightly held that the case is a proper one for the appointment of a receiver.

The fact that a receiver of the property of the defendant Andrew W. Gill, has been appointed in certain supplementary proceedings, is not a bar to this application, nor does it make it necessary that the same receiver be appointed here. Section 2466 of the Code

applies only to supplementary proceedings, and not to actions brought by judgment creditors. The question whether the same or a different receiver should be appointed here was within the discretion of the Special Term.

Order of Special Term affirmed, with ten dollars costs and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

Order appointing receiver affirmed, with ten dollars costs and disbursements.